USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/15/10

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
AURELIUS CAPITAL PARTNERS, LP
and AURELIUS CAPITAL MASTER, LTD.,

        Plaintiffs

        -against-

THE REPUBLIC OF ARGENTINA,

        Defendant.
-----------------------------------------------------------x
AURELIUS CAPITAL PARTNERS, LP
and AURELIUS CAPITAL MASTER, LTD.,

        Plaintiffs

        -against-

THE REPUBLIC OF ARGENTINA,

        Defendant.
-----------------------------------------------------------x
BLUE ANGEL CAPITAL I LLC

        Plaintiff

        -against-

THE REPUBLIC OF ARGENTINA,

        Defendant.
-----------------------------------------------------------x

No. 07 Civ. 2715 (TPG)

No. 07 Civ. 11327 (TPG)

No. 07 Civ. 2693 (TPG)

## RESTRAINING ORDER

        Plaintiffs Aurelius Capital Master, Ltd., Aurelius Capital Partners, LP, and Blue Angel Capital I LLC (the "Aurelius Plaintiffs"), having moved pursuant to Rule 69 of the Federal Rules of Civil Procedure, Section 5222 of the New York Civil Practice Law and Rules, and 28 U.S.C. § 1610 for a restraining notice (requested here in the form of an order in accord with 28

U.S.C. § 1610(c)) directed to assets of Defendant the Republic of Argentina ("Argentina") nominally held by Argentina's alter ego, Banco Central de la República Argentina ("BCRA"), both parties under the jurisdiction of this Court, upon all pleadings, papers and evidence submitted in connection with *EM Ltd. & NML Capital, Ltd. v. Republic of Argentina & Banco Central de la Republica Argentina*, No. 06 Civ. 7792 (TPG), *EM Ltd. v. Republic of Argentina*, 03 Civ. 2507 (TPG) and *NML Capital, Ltd. v. Republic of Argentina*, 03 Civ. 8845 (TPG), 05 Civ. 2434 (TPG), 06 Civ. 6466 (TPG), 07 Civ. 1910 (TPG), 07 Civ. 2690 (TPG), 07 Civ. 6563 (TPG), 08 Civ. 2451 (TPG), 08 Civ. 3302 (TPG), 08 Civ. 6978, 09 Civ. 1707 (TPG), 09 Civ. 1708 (TPG) (the "EM/NML Actions"), including Plaintiffs' Ex Parte Omnibus Motion, dated January 11, 2010, and all pleadings, papers and evidence submitted in connection with the above-captioned actions; from which it appears that the Aurelius Plaintiffs have met the criteria for the issuance of a restraining order in that:

- Blue Angel Capital I LLC was awarded a final judgment against Argentina on April 28, 2008 in the amount of $229,654,415, which, as of January 11, 2010, has accrued a post-judgment interest in the amount of $7,426,701;

- Aurelius Capital Master, Ltd. was awarded a final judgment against Argentina on April 28, 2008 in the amount of $82,946,183, which, as of January 11, 2010, has accrued a post judgment interest in the amount of $2,682,363, as well as a final judgment against Argentina on June 13, 2008 in the amount of $58,084,131, which, as of January 11, 2010, has accrued a post-judgment interest in the amount of $1,980,412.

- Aurelius Capital Partners, LP was awarded a final judgment against Argentina on April 28, 2008 in the amount of $112,848,024, which, as of January 11, 2010, has accrued a post judgment interest in the amount of

$3,649,347, as well as a final judgment against Argentina on June 13, 2008 in the amount of $70,456,464, which, as of January 11, 2010, has accrued a post-judgment interest in the amount of $2,402,254;

and, there exists a separate valid cause of action against Argentina and BCRA to have BCRA declared an alter ego of Argentina, which would render BCRA jointly and severally liable for Plaintiffs' final judgments;

**NOW**, on the motion of Simpson Thacher & Bartlett LLP, attorneys for the Aurelius Plaintiffs, **IT IS HEREBY:**

**ORDERED** that Plaintiffs' motion for a restraining order is granted in its entirety and that the amount to be secured by this Restraining Order shall be $572,130,294, comprised of the amount of Plaintiffs' final judgments plus accrued post-judgment interest;

As required by N.Y. C.P.L.R. § 5222, **IT IS FURTHER STATED** that:

1. The Parties to the above-captioned actions are Aurelius Capital Master Ltd., Aurelius Capital Partners, LP, and Blue Angel Capital I LLC and Argentina.

2. The dates of Aurelius Capital Master, Ltd.'s final judgments against Argentina were April 28, 2008 (07-cv-2715) and June 13, 2008 (07-civ-11327), the dates of Aurelius Capital Partners, LP's judgments against Argentina were April 28, 2008 (07-cv-2715) and June 13, 2008 (07-civ-11327), and the date of Blue Angel Capital I LLC's final judgment against Argentina was April 28, 2008 (07-cv-2693).

3. The judgments were entered in the U.S. District Court for the Southern District of New York.

4. The amounts Aurelius Capital Master LTD's final judgments against Argentina were $82,946,183 (07-cv-2715) and $58,084,131 (07-civ-11327), the amounts of Aurelius Capital

Partners, LP's judgments against Argentina were $112,848,024 (07-cv-2715) and 70,456,464 (07-civ-11327), and the amount of Blue Angel Capital I LLC's final judgment against Argentina was $229,654,415 (07-cv-2693).

5. Argentina has not paid any amount on these judgments, and since entry on the judgments, they have, respectively, accrued post judgment interest as of January 11, 2010 in the amounts of $3,649,347 to Aurelius Capital Partners LP in 07-cv-02715, $2,682,363 to Aurelius Capital Master, Ltd. in 07-cv-02715, $2,402,254 to Aurelius Capital Partners, LP in 07-cv-11327, $1,980,412 in 07-cv-11327, and $7,426,701 to Blue Angel Capital I LLC in 07-cv-2693, and therefore the full amount of Plaintiffs' judgments plus interest, or $572,130,294, is owed by Argentina to the Aurelius Plaintiffs.

6. The judgments were entered in favor of Aurelius Capital Master, Ltd., Aurelius Capital Partners, LP, and Blue Angel Capital I LLC. The judgments were ordered against Argentina.

7. A judgment debtor or obligor served with a restraining notice is forbidden to make or suffer any sale, assignment, transfer or interference with any property in which he or she has an interest, except as set forth in subdivisions (h) and (i) of N.Y. C.P.L.R. § 5222, and except upon direction of the sheriff or pursuant to an order of the court, until the judgment or order is satisfied or vacated. A restraining notice served upon a person other than the judgment debtor or obligor is effective only if, at the time of service, he or she owes a debt to the judgment debtor or obligor or he or she is in the possession or custody of property in which he or she knows or has reason to believe the judgment debtor or obligor has an interest, or if the judgment creditor or support collection unit has stated in the notice that a specified debt is owed by the person served to the judgment debtor or obligor or that the judgment debtor or obligor has an interest in specified property in the possession or custody of the person served. All property in which the judgment

debtor or obligor is known or believed to have an interest then in and thereafter coming into the possession or custody of such a person, including any specified in the notice, and all debts of such a person, including any specified in the notice, then due and thereafter coming due to the judgment debtor or obligor, shall be subject to the notice except as set forth in subdivisions (h) and (i) of N.Y. C.P.L.R. § 5222. Such a person is forbidden to make or suffer any sale, assignment or transfer of, or any interference with, any such property, or pay over or otherwise dispose of any such debt, to any person other than the sheriff or the support collection unit, except as set forth in subdivisions (h) and (i) of N.Y. C.P.L.R. § 5222, and except upon direction of the sheriff or pursuant to an order of the court, until the expiration of one year after the notice is served upon him or her, or until the judgment or order is satisfied or vacated, whichever event first occurs. A judgment creditor or support collection unit which has specified personal properly or debt in a restraining notice shall be liable to the owner of the property or the person to whom the debt is owed, if other than the judgment debtor or obligor, or any damages sustained by reason of the restraint. If a garnishee served with a restraining notice withholds the payment of money belonging or owed to the judgment debtor or obligor in an amount equal to twice the amount due on the judgment or order, the restraining notice is not effective as to other property or money.

8. Disobedience of this restraining notice is punishable as a contempt of court.

**IT IS FURTHER ORDERED** that you, your agents, subdivisions, servants, officers, employees, and attorneys, and all persons in possession of property in which Argentina or BCRA have an interest, and all persons acting in concert or participation with the foregoing, and all persons receiving actual notice of this Restraining Order by personal service or otherwise, are hereby **ENJOINED AND RESTRAINED** until further Order from this Court from directly or indirectly transferring, or ordering, directing, or requesting the transfer of any property on deposit with them or held under their control, such as will satisfy the above-mentioned sum of $

$572,130,294, consisting of:

Any property in the United States (whether real or personal, tangible or intangible presently existing or hereafter arising), which could be assigned or transferred as provided in N.Y. C.P.L.R. § 5201, including but not limited to cash, gold, special drawing rights, deposits, real property, instruments, securities, security entitlements, security accounts, equity interests, claims and contractual rights, and interests of any kind in the foregoing (collectively, the "Property"), directly or indirectly held or maintained in the name of, in a trust held by, or for the use or benefit of BCRA, whether for its own account or for the benefit of Argentina, EXCLUDING: *(a)* property belonging to the embassy, consulate, or permanent mission to the United Nations of Argentina: and *(b)* any property that is or is intended to be, used in connection with a military activity, and is of a military character or is under the control of a military or defense agency.

Dated: New York, New York

January 5, 2010

*[signature: Thomas P. Griesa]*
United States District Judge