TO BE FILED UNDER SEAL

*Until Further Court Order*

TPG

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
AURELIUS CAPITAL PARTNERS, LP and      :
AURELIUS CAPITAL MASTER, LTD.,          :     07 Civ. 2715 (TPG)
                                                              :
                Plaintiffs,                           :
                                                              :
       -against-                                :
                                                              :
THE REPUBLIC OF ARGENTINA,              :
                                                              :
                Defendant.                          :
------------------------------------------------------------x
AURELIUS CAPITAL PARTNERS, LP and      :
AURELIUS CAPITAL MASTER, LTD.,          :     07 Civ. 11327 (TPG)
                                                              :
                Plaintiffs,                           :
                                                              :
       -against-                                :
                                                              :
THE REPUBLIC OF ARGENTINA,              :
                                                              :
                Defendant.                          :
------------------------------------------------------------x
BLUE ANGEL CAPITAL I LLC,                  :
                                                              :     07 Civ. 2693 (TPG)
                Plaintiff,                             :
                                                              :
       -against-                                :
                                                              :
THE REPUBLIC OF ARGENTINA,              :
                                                              :
                Defendant.                          :
------------------------------------------------------------x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/8/10

## RESTRAINING ORDER

To:    Citibank N.A.
         Republic of Argentina

829650.4

Plaintiffs Aurelius Capital Master, Ltd., Aurelius Capital Partners, LP, and Blue Angel Capital I LLC having moved pursuant to Rule 69 of the Federal Rules of Civil Procedure, Section 5222 of the New York Civil Practice Law and Rules, and 28 U.S.C. § 1610 for a restraining notice (requested here in the form of an order in accord with 28 U.S.C. § 1610(c)) directed to all Intangible Property[1] of defendant the Republic of Argentina (the "Republic")[2] in accounts at Citibank N.A. ("Citibank"), both the Republic and Citibank being subject to the jurisdiction of this Court, and upon all pleadings, papers and evidence submitted in connection with the above-captioned actions; from which it appears that plaintiffs have met the criteria for the issuance of a restraining order in that:

- Blue Angel Capital I LLC was awarded a final judgment against the Republic on April 28, 2008 in the amount of $229,654,415, which as of February 23, 2010, has accrued a post-judgment interest in the amount of $7,944,901;

- Aurelius Capital Master, Ltd. was awarded a final judgment against the Republic on April 28, 2008 in the amount of $82,946,183, which as of February 23, 2010, has accrued a post-judgment interest in the amount of $2,869,526, as well as a final judgment against the Republic on June 13, 2008 in the amount of $58,084,131, which as of February 23 2010, has accrued a post-judgment interest in the amount of $2,129,982;

- Aurelius Capital Partners, LP was awarded a final judgment against the Republic on April 28, 2008 in the amount of $112,848,024, which, as of February 23, 2010, has accrued a post-judgment interest in the amount of $3,903,981, as well as a final judgment against the Republic in the amount

---

[1] For purposes of this Order, "Intangible Property" means all property that is held in accounts at Citibank that does not have physical substance, including in particular Security Entitlements and cash. "Security Entitlements" as used herein has the same meaning as in the N.Y. Uniform Commercial Code, i.e., "the rights and property interest of an entitlement holder with respect to a financial asset specified in Part 5" of Article 8 of the N.Y. UCC ("UCC"). "Financial asset" has the meaning specified in § 8-102(9) of the UCC. The Republic acquires a Security Entitlement if a securities intermediary [here, Citibank]: (1) indicates by book entry that a financial asset has been credited to the person's securities account; (2) receives a financial asset from the person or acquires a financial asset for the person and, in either case, accepts it for credit to the person's securities account; or (3) becomes obligated under other law, regulation, or rule to credit a financial asset to the person's securities account.

[2] For purposes of this Order, the defined term, the "Republic," includes the Administración Nacional de Seguridad Social ("ANSES") and the Argentine Pension Funds ("FJPs") nationalized in December 2008, and the Banco Central de la Repúblic Argentina ("BCRA").

2

829650.4

of $70,456,464, which, as of February 23 2010, has accrued a post-judgment interest in the amount of $2,583,683;

**NOW**, on the motion of Friedman Kaplan Seiler & Adelman LLP, attorneys for plaintiffs, **SUFFICIENT CAUSE BEING ALLEGED THEREFORE,** and the Court having determined that ANSES is a political subdivision of the Republic, that ANSES is subject to the jurisdiction of this Court because the Court has jurisdiction over the Republic, and that the assets of ANSES are subject to attachment and execution to the same degree as are the assets of the Republic, and that, pursuant to § 1610(a) of the Foreign Sovereign Immunities Act, all Intangible Property of the Republic in accounts at Citibank is subject to, and not immune from, execution in aid of enforcement of judgments previously entered herein in favor of plaintiffs because the Intangible Property is (1) located in the United States, (2) used for commercial purposes in the United States, and (3) the Republic has waived any sovereign immunity that might otherwise be applicable to bar or limit execution and judgment enforcement in respect of the Intangible Property; **IT IS HEREBY:**

**ORDERED** that plaintiffs' motion for a restraining order is granted in its entirety and that the amount to be secured by this Restraining Order shall be $573,421,289 comprised of the amount of plaintiffs' final judgments plus accrued post-judgment interest;

As required by N.Y. C.P.L.R. § 5222, **IT IS FURTHER STATED** that:

1. The Parties to the above-captioned actions are Aurelius Capital Master, Ltd., Aurelius Capital Partners, LP, Blue Angel Capital I LLC, and the Republic.

2. The dates of Aurelius Capital Master, Ltd.'s final judgments against the Republic were April 28, 2008 (07-cv-2715) and June 13, 2008 (07-civ-11327), the dates of Aurelius Capital Partners, LP's judgments against the Republic were April 28, 2008 (07-cv-2715) and

June 13, 2008 (07-civ-11327), and the date of Blue Angel Capital I LLC's final judgment against the Republic was April 28, 2008 (07-cv-2693).

3. The judgments were entered in the U.S. District Court for the Southern District of New York.

4. The amounts of Aurelius Capital Master, Ltd.'s final judgments against the Republic were $82,946,183 (07-cv-2715) and $58,084,131 (07-civ-11327), the amounts of Aurelius Capital Partners, LP's judgments against Argentina were $112,848,024 (07-cv-2715) and $70,456,464 (07-civ-11327), and the amount of Blue Angel Capital I LLC's final judgment against the Republic was $229,654,415 (07-cv-2693).

5. The Republic has not paid any amount on these judgments, and since entry on the judgments, they have, respectively, accrued post-judgment interest as of February 23, 2010 in the amounts of $3,903,981 to Aurelius Capital Partners LP in 07-cv-02715, $2,869,526 to Aurelius Capital Master, Ltd. in 07-cv-02715, $2,583,683 to Aurelius Capital Partners, LP in 07-cv-11327, $2,129,982 to Aurelius Capital Master, Ltd. in 07-cv-11327, and $7,944,901 to Blue Angel Capital I LLC in 07-cv-2693, and therefore the full amount of plaintiffs' judgments plus interest, or $573,421,289, is owed by the Republic to plaintiffs.

6. The judgments were entered in favor of Aurelius Capital Master, Ltd., Aurelius Capital Partners, LP, and Blue Angel Capital I LLC. The judgments were ordered against the Republic.

7. A judgment debtor or obligor served with a restraining notice is forbidden to make or suffer any sale, assignment, transfer or interference with any property in which he or she has an interest, except as set forth in subdivisions (h) and (i) of N.Y. C.P.L.R. § 5222, and except upon direction of the sheriff or pursuant to an order of the court, until the judgment or order is

satisfied or vacated. A restraining notice served upon a person other than the judgment debtor or obligor is effective only if, at the time of service, he or she owes a debt to the judgment debtor or obligor or he or she is in the possession or custody of property in which he or she knows or has reason to believe the judgment debtor or obligor has an interest, or if the judgment creditor or support collection unit has stated in the notice that a specified debt is owed by the person served to the judgment debtor or obligor or that the judgment debtor or obligor has an interest in specified property in the possession or custody of the person served. All property in which the judgment debtor or obligor is known or believed to have an interest then in and thereafter coming into the possession or custody of such a person, including any specified in the notice, and all debts of such a person, including any specified in the notice, then due and thereafter coming due to the judgment debtor or obligor, shall be subject to the notice except as set forth in subdivisions (h) and (i) of N.Y. C.P.L.R. § 5222. Such a person is forbidden to make or suffer any sale, assignment or transfer of, or any interference with, any such property, or pay over or otherwise dispose of any such debt, to any person other than the sheriff or the support collection unit, except as set forth in subdivisions (h) and (i) of N.Y. C.P.L.R. § 5222, and except upon direction of the sheriff or pursuant to an order of the court, until the expiration of one year after the notice is served upon him or her, or until the judgment or order is satisfied or vacated, whichever event first occurs. A judgment creditor or support collection unit which has specified personal property or debt in a restraining notice shall be liable to the owner of the property or the person to whom the debt is owed, if other than the judgment debtor or obligor, for any damages sustained by reason of the restraint. If a garnishee served with a restraining notice withholds the payment of money belonging or owed to the judgment debtor or obligor in an amount equal to

twice the amount due on the judgment or order, the restraining notice is not effective as to other property or money.

8. Disobedience of this restraining notice is punishable as a contempt of court.

**IT IS FURTHER ORDERED** that you, your agents, subdivisions, servants, officers, employees, and attorneys, and all persons in possession of property in which the Republic or ANSES have an interest, and all persons acting in concert or participation with the foregoing, and all persons receiving actual notice of this Restraining Order by personal service or otherwise, are hereby **ENJOINED AND RESTRAINED** until further Order from this Court from directly or indirectly transferring, or ordering, directing, or requesting the transfer of any property on deposit with them or held under their control, such as will satisfy the above-mentioned sum of $573,421,289, consisting of:

> Any property in the United States (whether real or personal, tangible or intangible, presently existing or hereafter arising) which could be assigned or transferred as provided in N.Y. C.P.L.R. § 5201, including but not limited to the Intangible Property as defined herein, directly or indirectly held or maintained in the name of, in a trust held by, or for the use of benefit of the Republic (including ANSES) EXCLUDING: (*a*) property belonging to the embassy, consulate, or permanent mission to the United Nations of the Republic; and (*b*) any property that is or is intended to be, used in connection with a military activity, and is of a military character or is under the control of a military or defense agency.

For avoidance of any doubt and without limiting the foregoing, property subject to this Restraining Order shall include all Security Entitlements beneficially owned by the Republic through an account maintained by Citibank, regardless of where those securities are traded, the issuers located, or certificates representing those securities ultimately held.

**EXCEPT THAT** this Restraining Order shall not prevent or restrain the day-to-day ordinary-course trading and investment management with respect to any Security Entitlements, **PROVIDED THAT,** to the extent any Security Entitlements relate to securities of

6

829650.4

any issuer that is not the Republic or any agency, instrumentality or affiliate of the Republic, such Security Entitlements shall not be transferred or exchanged for, and any funds derived therefrom shall not be invested in, securities or Security Entitlements of any issuer that is the Republic or any agency, instrumentality or affiliate of the Republic, **PROVIDED FURTHER**, no Intangible Property shall be transferred or moved from one account to another account, and **PROVIDED FURTHER**, to the extent that any cash proceeds are received in respect of any Intangible Property, such cash shall be transferred only to a segregated account with Citibank in the United States created for that purpose and identified to plaintiffs and such account shall be subject to all restraints ordered herein.

Dated: New York, New York

February 23, 2010

_____
Thomas P. Griesa
United States District Judge

829650.4