UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------x

|  |  |  |
|---|---|---|
| NML CAPITAL, LTD., | : | 03 Civ. 8845 (TPG) |
|  | : | 05 Civ. 2434 (TPG) |
| Plaintiff, | : | 06 Civ. 6466 (TPG) |
|  | : | 07 Civ. 1910 (TPG) |
| – against – | : | 07 Civ. 2690 (TPG) |
|  | : | 07 Civ. 6563 (TPG) |
| THE REPUBLIC OF ARGENTINA, | : | 08 Civ. 2541 (TPG) |
|  | : | 08 Civ. 3302 (TPG) |
| Defendant. | : | 08 Civ. 6978 (TPG) |
|  | : | 09 Civ. 1707 (TPG) |
|  | : | 09 Civ. 1708 (TPG) |
|  | : |  |

-------------------------------------------x

|  |  |  |
|---|---|---|
|  | : |  |
| AURELIUS CAPITAL MASTER, LTD. and | : |  |
| ACP MASTER, LTD., | : | 09 Civ. 8757 (TPG) |
|  | : | 09 Civ. 10620 (TPG) |
| Plaintiffs, | : |  |
|  | : |  |
| – against – | : |  |
|  | : |  |
| THE REPUBLIC OF ARGENTINA, | : |  |
|  | : |  |
| Defendant. | : |  |
|  | : |  |

-------------------------------------------x

|  |  |  |
|---|---|---|
| AURELIUS OPPORTUNITIES FUND II, | : |  |
| LLC and AURELIUS CAPITAL MASTER, | : | 10 Civ. 1602 (TPG) |
| LTD., | : | 10 Civ. 3507 (TPG) |
|  | : | 10 Civ. 3970 (TPG) |
| Plaintiffs, | : | 10 Civ. 8339 (TPG) |
|  | : |  |
| – against – | : |  |
|  | : |  |
|  | : |  |
| THE REPUBLIC OF ARGENTINA, | : |  |
|  | : |  |
| Defendant. | : | **(captions continued on next page)** |
|  | : |  |

-------------------------------------------x

```
-------------------------------------------x
                                           :
BLUE ANGEL CAPITAL I LLC,                  :      07 Civ. 2693 (TPG)
                                           :      10 Civ. 4101 (TPG)
                      Plaintiff,           :      10 Civ. 4782 (TPG)
                                           :
        – against –                        :
                                           :
THE REPUBLIC OF ARGENTINA,                 :
                                           :
                      Defendant.           :
                                           :
-------------------------------------------x
                                           :
AURELIUS CAPITAL PARTNERS, LP and          :
AURELIUS CAPITAL MASTER, LTD.,             :      07 Civ. 2715 (TPG)
                                           :      07 Civ. 11327 (TPG)
                      Plaintiffs,          :
                                           :
        – against –                        :
                                           :
THE REPUBLIC OF ARGENTINA,                 :
                                           :
                      Defendant.           :
                                           :
-------------------------------------------x
```

## <u>OPINION</u>

In 2001, the Republic of Argentina (the "Republic") defaulted on its national debt. For over a decade, questions related to the Republic's default have been before the Southern District of New York and the Second Circuit. On January 10, 2014, the Supreme Court of the United States granted a

petition for a writ of certiorari related to discovery in the above-captioned actions and scheduled oral argument for April 21, 2014.

Non-parties Citibank, N.A. ("Citibank"), Citicorp North America Inc., Citicorp USA Inc., Citigroup Global Markets Inc., and Citigroup, Inc. (collectively, the "Citi Entities") now move to stay further discovery and proceedings pursuant to this court's September 25, 2013 order and an information subpoena dated April 15, 2013 that NML Capital served on Citibank. Non-parties Barclays Bank Plc and Barclays Capital Inc. filed a motion to join the Citi Entities' motion on April 4, 2014, and Bank of America, N.A., Bank of America Corporation, Merrill Lynch & Co., Inc., and Merrill, Lynch, Pierce, Fenner & Smith Incorporated followed suit on April 7, 2014. Plaintiffs oppose the motions to stay discovery, and the Republic has not asserted a position.

In anticipation of the Supreme Court's forthcoming decision, the court hereby stays all discovery and proceedings in these actions.

**Consideration by the Supreme Court Merits a Stay of these Proceedings**

District courts have broad discretion in determining whether to stay proceedings. Clinton v. Jones, 520 U.S. 681, 706 (1997); see also Louis Vuitton Malletier S.A. v. LY USA, Inc., 676 F.3d 83, 97 (2d Cir. 2012) ("[T]he power to stay proceedings is incidental to the power inherent in every court to

control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."). In deciding whether a stay is appropriate, courts consider five factors: (1) the interests of the plaintiffs in proceeding expeditiously as balanced against the prejudice to the plaintiffs if delayed; (2) the interests of and burden on the defendants; (3) the interests of the court; (4) the interests of non-parties; and (5) the public interest. Wing Shing Products (BVI) Ltd. v. Simatelex Manufactory Co., No. 01 Civ. 1044, 2005 WL 912184, at *1 (S.D.N.Y. Apr. 19, 2005).

Moreover, courts in this circuit have repeatedly found it appropriate to stay proceedings "when a higher court is close to settling an important issue of law bearing on the action." Sikhs for Justice v. Nath, 893 F. Supp. 2d 598, 622 (S.D.N.Y. 2012); see also Jugmohan v. Zola, No. 98 Civ. 1509, 2000 WL 222186, at *5 (S.D.N.Y. Feb. 25, 2000) ("Postponing the final disposition of a case pending an upcoming decision by the United States Supreme Court is a practice exercised by the Second Circuit in the interest of judicial economy.").

The Supreme Court scheduled oral argument on discovery issues related to these cases for April 21, 2014. Specifically, the Supreme Court granted certiorari on the following question:

> Whether post-judgment discovery in aid of enforcing a judgment against a foreign state can be ordered with respect to all assets of a foreign state regardless of their location or use...or is limited to assets located in the United States that are potentially subject to execution under the FSIA...

Brief for Petitioner, <u>Republic of Argentina v. NML Capital Ltd.</u>, No. 12-842, 2014 WL 768310, at *i (Feb. 24, 2014).

The question that the Supreme Court will soon consider bears directly on the discovery issues raised by the non-party banks. Neither plaintiffs nor defendants will suffer prejudice from a brief delay in discovery. By contrast, the non-party banks contend that the discovery sought would require a significant and immediate expenditure of time and resources. Staying further proceedings and discovery in these cases until the Supreme Court has definitively resolved these issues is therefore economical and efficient.

### Conclusion

The proceedings in the above-captioned cases are stayed until the Supreme Court renders an opinion in case number 12-842.

SO ORDERED.

Dated: New York, New York
      April 18, 2014

Thomas P. Griesa
U. S. District Judge

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _Apr. 18 2014_

5